### In re Ralph M. CREIGHTON and Sherry L. Creighton, Debtors.

#### No. 05–40036.

United States Bankruptcy Court, N.D. Ohio.

March 21, 2013.

Ralph M. Creighton, New Waterford, OH, pro se.

Jeremy Richard Teaberry, Henderson, Covington, Messenger, Newman & Thomas Co., L.P.A., Youngstown, OH, for Debtor.

Elaine B. Greaves, Youngstown, OH, for Trustee.

Scott R. Belhorn, Office of the U.S. Trustee, Cleveland, OH, for U.S. Trustee.

## MEMORANDUM OPINION REGARDING MOTION OF DEBTOR, SHERRY L. CREIGHTON, TO PARTIALLY SEAL BANKRUPTCY RECORDS

KAY WOODS, Bankruptcy Judge.

Before the Court is Motion of Debtor, Sherry L. Creighton, to Partially Seal Bankruptcy Records ("Motion to Seal") (Doc. # 46) filed by Debtor Sherry L. Creighton ("Mrs. Creighton") on February 12, 2013. Mrs. Creighton seeks an order requiring the Clerk of the Bankruptcy Court "to delete or redact all references to Mrs. Creighton's individual name on the bankruptcy docket and all filings in the above-captioned matter, such that her bankruptcy will fail to appear when the bankruptcy docket or any other source of public records is searched under *her* individual name[.]" (Mot. to Seal at 1.)

Daniel M. McDermott, the United States Trustee for Region 9 ("UST"), filed United States Trustee's Objection to Debt-

or's Motions [sic] to Seal Bankruptcy Records ("Response") (Doc. # 47) on February 19, 2013. The UST argues that Mrs. Creighton has failed to overcome the presumption in 11 U.S.C. § 107(a) that papers filed in a bankruptcy court are public records open to examination. Specifically, the UST contends that Mrs. Creighton has failed to establish that her bankruptcy records are " 'scandalous or defamatory' " or create " 'undue risk of . . . unlawful injury.' " (Resp. ¶ 9 (citing 11 U.S.C. § 107(b)(2) and (c)(1)(A)).)

The Court held a hearing on the Motion to Seal on March 21, 2013 ("Hearing"), at which Jeremy R. Teaberry, Esq. appeared on behalf of Mrs. Creighton. Based upon a review of the Motion to Seal, the Response and the arguments of Mr. Teaberry, at the conclusion of the Hearing, the Court issued an oral ruling denying the Motion to Seal and advised that it would enter this Memorandum Opinion and accompanying Order to memorialize that ruling.

This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and the general orders of reference (Gen. Order Nos. 84 and 2012–7) entered in this district pursuant to 28 U.S.C. § 157(a). Venue in this Court is proper pursuant to 28 U.S.C. §§ 1391(b), 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The following constitutes the Court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

## I. BACKGROUND AND ARGUMENTS

### A. Background

On January 5, 2005, Mrs. Creighton, along with her husband Ralph M. Creighton (collectively, "Debtors"), filed a voluntary petition pursuant to chapter 7 of Title 11, United States Code. On May 2, 2005, the Court entered Discharge of Debtor in a Chapter 7 Case (Doc. # 14), which granted the Debtors a discharge. After distribution to creditors by the Chapter 7 Trustee, on March 18, 2008, the Court issued Final Decree (Doc. # 40), which closed the Debtors' chapter 7 case.

On January 2, 2013, Mrs. Creighton filed Motion of Debtor, Sherry L. Creighton, to Reopen BankruptcyCase [sic] (Doc. # 42), which was granted by the Court on February 5, 2013 (Doc. # 43). Thereafter, Mrs. Creighton filed the Motion to Seal.

### B. Argument of Mrs. Creighton

With the Motion to Seal, Mrs. Creighton filed Memorandum in Support ("Memo in Support"), which states that Mrs. Creighton is a certified high school teacher who has taught business courses in the Canfield local school district since 1998. She alleges that she has been subjected to ridicule because of her 2005 bankruptcy filing.

Recently, Mrs. Creighton has been experiencing incessant ridicule from several students, parents, and even fellow teachers, solely because of her bankruptcy filing. The ridiculers became aware of Mrs. Creighton's previous bankruptcy only because her filings are public records, and thus, readily accessible over a multitude of sources, including the internet. The constant, invasive, and ubiquitous nature of the ridicule that Mrs. Creighton receives has unduly caused her severe emotional distress, and now unduly threatens her job performance and, ultimately, her ability to earn a living.

(Memo in Support ¶ 4.)

Mrs. Creighton alleges that the ridicule occurs in the classroom, the teachers' lounge and the community at large. She further states that, since the alleged ridicule occurs primarily at work, it hinders

her ability to effectively perform her job, which may affect her ability to earn a living.

While recognizing that § 107 expressly provides that papers filed in a case under Title 11 and the dockets of a bankruptcy court are public records, Mrs. Creighton asserts that her situation requires protection, as set forth in § 107(b)(2) and (c)(1).

### C. Argument of the UST

The UST, on the other hand, contends that Mrs. Creighton has failed to establish any basis pursuant to § 107(b)(2) or (c)(1) to seal her bankruptcy records from public inspection. In particular, the UST states that Mrs. Creighton voluntarily filed her petition for relief and obtained the benefits of a chapter 7 discharge.

## II. LEGAL ANALYSIS

### A. Applicable Statute

■ Section 107, which governs public access to papers, provides that all papers filed in a bankruptcy case and the dockets of a bankruptcy court are public records except for certain limited exceptions.

(a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.

(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may—

(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or

(2) protect a person with respect to scandalous or defamatory matter con-

tained in a paper filed in a case under this title.

(c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:

(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.

(B) Other information contained in a paper described in subparagraph (A).

\* \* \*

11 U.S.C. § 107 (West 2013).

### B. Burden of Proof

■ At the Hearing, Mr. Teaberry expressly acknowledged that Mrs. Creighton (i) was seeking an extraordinary remedy; and (ii) had to overcome a high burden of proof. As the party seeking to have her name redacted or deleted from the bankruptcy record or otherwise have her bankruptcy record sealed, Mrs. Creighton must overcome the presumption of public access to all bankruptcy documents. This is not an easy burden.

Because all papers filed with the Court are presumptively available for inspection by the public, the party seeking to seal or redact papers filed bears the burden of proof. It is not an easy burden nor should it be. The burden has been described in a variety of ways. The party seeking impoundment must submit "evidence that filing under seal outweighs the presumption of public access to court records."

*In re Gitto/Global Corp.*, 321 B.R. 367, 373 (Bankr.D.Mass.2005), *aff'd*, 422 F.3d 1 (1st Cir.2005), (quoting *In re Muma Servs.*

*Inc.,* 279 B.R. 478, 485 (Bankr.D.Del.2002)) (parenthetical omitted).

## C. Risk of Unlawful Injury

■ Mrs. Creighton first argues that this Court should protect her, pursuant to § 107(c)(1), because she is subjected to undue ridicule as a result of "unfettered public access to her bankruptcy filings" and such ridicule creates " 'an undue risk of unlawful injury' to both her mental health and her ability to earn a living." (Memo in Support ¶ 12.) Mrs. Creighton, however, has conflated the ridicule to which she is subjected with public access to her bankruptcy information. These are two entirely different things.

For purposes of the Motion to Seal, the Court will assume the truth of Mrs. Creighton's allegations of ridicule by several of her students, their parents and her fellow teachers and that such ridicule is having an adverse effect on her mental health, which may lead to her inability to adequately perform her job. The problem is that these alleged adverse effects are not caused by public access to information about Mrs. Creighton's bankruptcy filing; the adverse effects are the result of the way in which these people have used information about Mrs. Creighton's bankruptcy filing to taunt her. As acknowledged at the Hearing and in the Memo in Support, the public has had unfettered access to information about Mrs. Creighton's bankruptcy since January 5, 2005, but it has

been only "*[r]ecently* [that] Mrs. Creighton has been experiencing incessant ridicule from several students, parents, and even fellow teachers." (*Id.* ¶ 4 (emphasis added).) Prior to the "recent" past, Mrs. Creighton apparently had no problem as a result of the public's unfettered access to her bankruptcy information. As a consequence, it is clear that unfettered public access to information about her bankruptcy filing is not the cause of her alleged emotional distress and potential employment difficulties. Such adverse effects stem from the ridicule she receives, not from public access to her bankruptcy information.

Assuming, *arguendo,* that the adverse effects Mrs. Creighton is suffering as a result of the ridicule are sufficient to constitute unlawful injury,[1] she has failed to provide a causal link between the alleged injury and public access to her name on the bankruptcy docket and documents therein.[2] Indeed, Mrs. Creighton expressly recognizes that information about her chapter 7 bankruptcy is "readily accessible over a multitude of sources, including the internet." (*Id.*) Even if this Court were to take the action Mrs. Creighton requests by ordering her name to be redacted or deleted from her bankruptcy case, this action would only relate to the PACER system, but such information would still be available in other parts of the public domain. Additionally, the "students, parents, and even fellow teachers" (*id.*) would continue

---

1. Ohio recognizes a tort for intentional infliction of serious emotional distress and has adopted the following standard: "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." *Yeager v. Local Union 20, Teamsters,* 6 Ohio St.3d 369, 453 N.E.2d 666, 671 (1983) (quoting RESTATEMENT (SECOND) OF TORTS § 46(1) (1965)).

2. At the Hearing, Mr. Teaberry conceded that he had no idea if any of the people who subjected Mrs. Creighton to ridicule had ever accessed the PACER (Public Access to Court Electronic Records) system or the bankruptcy docket. He offered no explanation concerning the source of the knowledge concerning Mrs. Creighton's bankruptcy filing although he acknowledged that Mrs. Creighton herself made the bankruptcy filing public knowledge in 2005.

to have the knowledge and information they are currently using to ridicule Mrs. Creighton. That bell cannot be unrung. Because the alleged adverse effects stem from the ridicule itself rather than the public access to information, sealing Mrs. Creighton's bankruptcy record or redacting or deleting her name from the record would serve no useful purpose.

■■ Moreover, it is not clear that the alleged injury is, indeed, "unlawful injury," as required by § 107(c)(1). If the "ridicule" Mrs. Creighton suffers deals only with the true fact that she filed for bankruptcy protection, that speech is protected and cannot result in unlawful injury. Truth is a complete defense to defamation. *Welling v. Weinfeld*, 113 Ohio St.3d 464, 866 N.E.2d 1051, 1056–57 (2007) ("In defamation law only statements that are false are actionable[;] truth is, almost universally, a defense.") (quotation marks and citation omitted).

As set forth above, Mrs. Creighton filed a voluntary petition pursuant to chapter 7 and received a discharge. Such circumstances stand in stark contrast to the debtor who obtained expunction of an involuntary bankruptcy petition in *In re Doe*, Case No. 03–04291, 2012 WL 401076 (Bankr.E.D.N.C. Feb. 7, 2012). John Doe moved to reopen his bankruptcy case and dismiss the case *ab initio* because, in 2003—when John Doe was a minor—Kenneth Jones filed a chapter 13 bankruptcy petition on his behalf. Because there was no record that Jones was John Doe's guardian, the chapter 13 trustee moved the court for appointment of a guardian *ad litem*. Prior to the bankruptcy court hearing the motion for appointment of a guardian, the chapter 13 case was dismissed for failure to make plan payments. In moving to reopen and dismiss, John Doe alleged that Jones was never his guardian and had no authority to file the bankruptcy peti-

tion. John Doe further alleged that the record of the improperly filed bankruptcy case had detrimentally affected his life. The bankruptcy court held:

> The court finds that by continuing to harm the debtor's credit, the record of the improperly filed bankruptcy case creates an undue risk of unlawful injury to the debtor and his property, and therefore, § 107(c)(1) protection is warranted. However, the court does not find dismissing the case *ab initio* to be the most practical or appropriate remedy in this case, as such action would call into question the fees paid and the distributions made. Given the specific facts and harm suffered in this case, the court finds expunction of the record to be the more appropriate remedy.

*Id.* at *2 (n.4–5 omitted).

*In re Doe* was a unique situation and called for an extraordinary remedy. Unlike John Doe, who was subjected to an involuntary bankruptcy filing by a person who was not authorized to file on his behalf, Mrs. Creighton voluntarily sought and obtained bankruptcy protection. The facts of Mrs. Creighton's case are not out of the ordinary and do not warrant extraordinary relief despite her characterization that public access to her bankruptcy records creates an undue risk of unlawful injury.

### D. Scandalous Information

■■ In order to fall within the exception to the statutory mandate that bankruptcy filings and dockets are public records, Mrs. Creighton attempts to shoehorn herself into § 107(b)(2) by arguing that "it is absolutely apparent to any reasonable onlooker that, within the Canfield local school district and its related communities, as well as the surrounding areas, a bankruptcy filing by a high school business teacher is considered 'scandalous,' so as to

warrant limited protection from disclosure as requested herein." (Memo in Support ¶ 15.) She argues that she is experiencing severe emotional distress and that "continued unfettered public access to her previous bankruptcy records poses a permanent threat to her ability to continue her profession at any other Ohio school in the same or a similarly-minded school district." (*Id.* ¶ 17.)

For purposes of section 107(b) and Rule 9018, scandalous or defamatory material has been defined as material that would cause "a reasonable person to alter their [sic] opinion of [a party] based on the statements therein, taking those statements in the context in which they appear." If the information is true, it cannot be scandalous or defamatory. "The dissemination of truthful matter cannot be enjoined merely because the matter is prejudicial; section 107(b)(2) requires that the matter be scandalous or defamatory. Moreover information that is prejudicial or embarrassing is not necessarily scandalous or defamatory.

*In re Gitto/Global Corp.*, 321 B.R. 367, 374 (Bankr.D.Mass.2005), *aff'd*, 422 F.3d 1 (1st Cir.2005), (internal citations omitted).

■ In the instant case, Mrs. Creighton alleges that the mere *fact* that she has filed a bankruptcy case is scandalous. This argument appears to be one of first impression—this Court could not find any reported decisions concerning a debtor's request to have her name redacted, deleted or otherwise sealed so that it would appear that she had never filed a bankruptcy case. Nonetheless, this Court has no trouble finding that voluntarily filing a bankruptcy petition—on its face—cannot constitute scandalous matter. To find otherwise would turn the law on its head.

In *Neal v. Kansas City Star (In re Neal)*, 461 F.3d 1048 (8th Cir.2006), the chapter 7 debtor was a former municipal judge who wanted the court to seal that portion of the list of her creditors containing the names of attorneys who had lent her money while she was a sitting judge, on the grounds that such information was defamatory and scandalous. After the bankruptcy court granted the debtor's request, a newspaper moved to vacate, arguing that the public had a right to know the names of such attorneys. The bankruptcy court denied the newspaper's motion, which holding was reversed and vacated by the district court. Thereafter, the debtor and unnamed creditors appealed to the Eighth Circuit Court of Appeals, which affirmed the district court and stated,

The creditors list is just that—a list of persons or entities to whom Neal owes money. Potential scandal only surfaces when one looks "outside the lines" of the bankruptcy proceeding, looks outside the context of this bankruptcy filing, and speculates as to motives of the creditor and the debtor. Moreover, there is no allegation that the list of Neal's creditors was filed for an improper purpose, such as to gratify public spite or promote public scandal. The creditors list was filed because the bankruptcy law requires it to be filed and apparently contains no information other than as required by law.... In *looking at the context of the filing, we evaluate the filer's purpose, not what a third party's purpose will be in gaining access to that filing.* Here, Neal's purpose in filing her list of creditors was to comply with the rules of the bankruptcy court to facilitate her bankruptcy discharge.

The unintended, potential secondary consequence of negative publicity to attorney creditors is regrettable but not a basis for sealing the filing. There is no indication or allegation that any of the information contained in Neal's list of creditors is false, defamatory, or scan-

dalous. In cases analyzing § 107(b)(2), courts have repeatedly stated that injury or potential injury to reputation is not enough to deny public access to court documents.

*Id.* at 1054 (internal citations and parentheticals omitted) (emphasis added).

Unlike the present case, where Mrs. Creighton voluntarily filed for chapter 7 protection, the creditors in the *Neal* case did not voluntarily bring themselves into the public arena of the bankruptcy court. Despite the creditors' lack of voluntary disclosure and the potential negative impact on their reputations and future earnings, the Eighth Circuit Court of Appeals expressly found that the list of creditors was not subject to being sealed because it was not false, defamatory or scandalous. This analysis is even more compelling to the facts presented in the Motion to Seal. In the same way that the list of creditors was simply a list, Mrs. Creighton's name standing alone is just that—her name— and certainly does not constitute scandalous matter. The fact that Mrs. Creighton's name appears on the bankruptcy docket and the caption of all papers filed in the instant case does not and cannot constitute scandalous matter.

Moreover, Mrs. Creighton could not have obtained the protection of the Bankruptcy Code without disclosing her name. Disclosure was required by law and was not done for any improper purpose. As set forth in the *Neal* case, it is the filer's purpose—not what a third party's purpose will be in gaining access to that filing— that determines the context of whether a matter is scandalous. As a consequence, the mere fact that people with access to Mrs. Creighton's name may ridicule her based on her prior bankruptcy filing does not make her name in the case scandalous matter.

The current facts are also distinguishable from the facts before this Bankruptcy Court in *Phar–Mor, Inc. v. Defendants Named Under Seal (In re Phar–Mor, Inc.),* 191 B.R. 675 (Bankr.N.D.Ohio 1995). In the *Phar–Mor* case, the Court sealed the complaint and other papers in an adversary proceeding filed by the chapter 11 corporate debtor against its former president, Michael I. Monus, and other defendants. The publisher of a local newspaper moved to intervene to oppose the permanent sealing of the documents. Prior to Phar–Mor's bankruptcy filing, Mr. Monus's employment was terminated, allegedly based on inappropriate conduct with respect to financial affairs of Phar–Mor while Mr. Monus was president. Subsequent to Phar–Mor's bankruptcy filing, Mr. Monus filed his own personal chapter 11 bankruptcy and was indicted and eventually convicted and sentenced on 109 separate criminal counts involving his activities as president of Phar–Mor.

The unnamed defendants argued that Phar–Mor had filed the adversary proceeding just before expiration of the statute of limitations when Mr. Monus was protected by the automatic stay in 11 U.S.C. § 362 and could not be named as a defendant. The adversary proceeding made numerous allegations of wrongdoing by a business entity in which Mr. Monus was a general partner and the unnamed defendants were limited partners. The unnamed defendants argued that the allegations of wrongdoing were directed only to activities of Mr. Monus, but not them. The Court analyzed whether the complaint contained scandalous matter pursuant to § 107(b)(2) and concluded that it did.

Upon review, the Court concludes that the statements contained in the complaint do constitute scandalous or defamatory matters as to Defendants under the above-referenced standard. The complaint was filed for several stra-

tegic reasons which would not be apparent, on its [sic] face, to a reasonable lay person: a need to preserve some cause of action or be barred by a statute of limitations, a desire to promote settlement which led to a stay of all further action immediately upon filing and the inability to prosecute the real party in interest, Mr. Monus, due to the protection of the automatic stay in his Chapter 11 case. The Defendants each have a positive reputation in the local business community. The Court concludes that a reasonable person would alter their [sic] opinion of Defendants based on a reading of the complaint, because it contains allegations of wrongdoing against the Defendants for, in essence, the acts of Mr. Monus, without an explanation of the underlying rationale for filing the complaint in this fashion.

*Id.* at 679–80.

The facts currently before this Court are not even remotely similar to the *Phar–Mor* facts. Here, Mrs. Creighton filed a voluntary chapter 7 petition more than eight years ago and received a discharge more than seven and one-half years ago. Her case had been closed for nearly five years. She availed herself of the protection of the Bankruptcy Code and received the benefits of a discharge. Unlike the unnamed defendants in the *Phar–Mor* case, Mrs. Creighton has not been accused of wrongdoing that should be attributed to someone else. The only alleged scandalous matter that Mrs. Creighton has cited is the mere fact that her name appears on a bankruptcy petition and other papers in a bankruptcy case that she voluntarily filed. Having made her own name a matter of public concern by filing a bankruptcy petition, Mrs. Creighton cannot now be heard to argue that having her name in the public domain constitutes scandalous matter.

## III. CONCLUSION

Mrs. Creighton filed her chapter 7 bankruptcy case more than eight years ago and received a discharge more than seven and one-half years ago. She alleges that "recently" she has been subjected to ridicule, which has led to emotional distress and which may adversely impact her ability to earn a living. Mrs. Creighton alleges that the ridicule is a result of the public's unfettered access to information about her 2005 bankruptcy filing and, as a consequence, she argues that the Court should protect her from such public access on the basis that her name in the public record constitutes scandalous matter.

It is lawful to file a bankruptcy petition and receive a discharge in bankruptcy, as Mrs. Creighton did in 2005. The public has a right to access information about Mrs. Creighton's bankruptcy filing. She has presented no basis for this Court to find that disclosure of her name in the public record constitutes scandalous matter or that such disclosure will cause unlawful injury.

Moreover, redacting, deleting or sealing the bankruptcy records so that Mrs. Creighton's name does not appear in her bankruptcy case will not provide the relief that she evidently wants, which is to be free from being ridiculed about her prior bankruptcy filing. As Mrs. Creighton expressly acknowledges in the Motion to Seal, many students, parents, fellow teachers and others in the community already know about her bankruptcy filing. To the extent that such information has been in the public record for more than eight years, many people have had access to the information. These people could have copied that information and further disseminated it. As Mrs. Creighton further expressly states, information about her bankruptcy filing is available from a multi-

tude of sources, including the internet. Removing Mrs. Creighton's name from the bankruptcy docket on the PACER system would not and could not stop the ridicule to which she claims to be subjected. There is no reason to believe that sealing the record so that her name will not come up in any *new* search of the public record will stop the ridicule.

As a consequence, the Court will deny the Motion to Seal. An appropriate order will follow.

## ORDER DENYING MOTION OF DEBTOR, SHERRY L. CREIGHTON, TO PARTIALLY SEAL BANKRUPTCY RECORDS

Before the Court is Motion of Debtor, Sherry L. Creighton, to Partially Seal Bankruptcy Records ("Motion to Seal") (Doc. # 46) filed by Debtor Sherry L. Creighton ("Mrs. Creighton") on February 12, 2013. Daniel M. McDermott, the United States Trustee for Region 9, filed United States Trustee's Objection to Debtor's Motions [sic] to Seal Bankruptcy Records (Doc. # 47) on February 19, 2013.

The Court held a hearing on the Motion to Seal on March 21, 2013, at which Jeremy R. Teaberry, Esq. appeared on behalf of Mrs. Creighton.

For the reasons set forth in this Court's Memorandum Opinion Regarding Motion of Debtor, Sherry L. Creighton, to Partially Seal Bankruptcy Records entered on this date, the Court hereby:

1. Finds that Mrs. Creighton's bankruptcy filing is not scandalous or defamatory matter pursuant to 11 U.S.C. § 107(b)(2);

2. Finds that public access to Mrs. Creighton's bankruptcy filing does not create undue risk of unlawful injury to Mrs. Creighton or her property pursuant to 11 U.S.C. § 107(c)(1);

3. Finds that Mrs. Creighton has failed to meet the burden of proof to overcome the presumption of public access to her bankruptcy filing; and

4. Denies the Motion to Seal.