Beth A. Buchanan, United States Bankruptcy Judge
This matter is before this Court on the Joint Motion to Approve Procedures for the Miscellaneous Proceeding Required by the Settlement Agreement and Release ("Joint Motion") [Docket Number 36]. A hearing on the Joint Motion was held May 9, 2018 during which this Court rendered *680 an oral decision disapproving the procedures set forth in the Joint Motion and providing a basic outline of this Court's approved procedures for opening a miscellaneous proceeding to restrict and redact the class action proofs of claim. This order details this Court's findings and conclusions in support of its oral decision denying the Joint Motion. An order containing this Court's approved procedures for the miscellaneous proceeding will be entered separately.
I. PROCEDURAL BACKGROUND
On October 13, 2017, Plaintiff Mary A. Stone ("Plaintiff"), as class representative, and Defendant Kettering Adventist Healthcare d/b/a Kettering Health Network ("Kettering Health") entered into a Settlement Agreement and Release ("Settlement Agreement"), which was finally approved by this Court by order entered April 11, 2018 [Docket Number 43]. The Settlement Agreement requires Kettering Health to file a miscellaneous proceeding through which it would request that this Court restrict access to proofs of claim filed by Kettering Health that are the subject of this class action and may contain sensitive medical and/or billing information. The proofs of claim subject to the class action are those filed between the dates of February 8, 2013 and December 4, 2017 and total 2,732 proofs of claim filed in 1,169 bankruptcy cases in this district.
On March 2, 2018, the parties filed their Joint Motion in which they request approval of procedures whereby Kettering Health would be permitted to permanently restrict access to the class action proofs of claim without the need for Kettering Health to replace the restricted proofs of claim with redacted copies available for public view in this Court's claims registry, which is the general procedure followed in this district. Instead, Kettering Health proposes a procedure by which parties and members of the public who want to view or obtain a redacted version of a restricted proof of claim would be required to request a copy through Kettering Health's agent, Taft Service Solutions Corporation ("TSS"). If TSS received a request, the proposed procedures require this Court to provide a copy of the restricted proof of claim to TSS so that it could proceed with redacting a copy and providing it to the requesting party or member of the public. The public's only notice of this procedure would be a notation entry entered by this Court on the docket of each affected bankruptcy case.
Kettering Health further proposes to extend this procedure not only to proofs of claim that are the subject of this class action adversary proceeding but to additional proofs of claim that Kettering Health has subsequently identified that were filed between April 13, 2003 and February 7, 2013. Including these non-class action Kettering Health proofs of claim would increase the total claims subject to permanent restriction to more than 14,000 proofs of claim filed in approximately 4,000 cases. Kettering Health bases its request for such broad relief on the bankruptcy court's powers to fashion equitable remedies under 11 U.S.C. § 105(a) and the need to protect individual debtors' sensitive information pursuant to 11 U.S.C. § 107(c) and Federal Rule of Bankruptcy Procedure 9037.
For this effort and taking into account the $25 filing fee associated with a motion to redact, Kettering Health proposes to pay a filing fee of $25,000 in the miscellaneous proceeding.
II. LEGAL ANALYSIS
This Court begins with the strong public policy favoring open access to court records:
*681 The right of public access is rooted in the public's First Amendment right to know about the administration of justice. The public interest in openness of court proceedings is at its zenith when issues concerning the integrity and transparency of bankruptcy court proceedings are involved ....
Motors Liquidation Co. Avoidance Action Trust v. JP Morgan Chase Bank, N.A. (In re Motors Liquidation Co.) , 561 B.R. 36, 41 (Bankr. S.D.N.Y. 2016) (further citation omitted). See also Nixon v. Warner Comm., Inc., 435 U.S. 589, 597, 98 S.Ct. 1306, 55 L.Ed.2d 570 (1978) ("It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents."). This public policy is of " 'special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system.' " In re Motors Liquidation Co., 561 B.R. at 41 (citing Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.) , 422 F.3d 1, 7 (1st Cir. 2005) ). See also Togut v. Deutsche Bank AG (In re Anthracite Capital, Inc.) , 492 B.R. 162, 173 (Bankr. S.D.N.Y. 2013) (noting that the presumption of open access is "based on the need for federal courts ... to have a measure of accountability and for the public to have confidence in the administration of justice ...." (internal quotation marks and citations omitted) ).
However, the strong presumption in favor of open access is not absolute. Nixon, 435 U.S. at 598, 98 S.Ct. 1306. "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." Id.
Accordingly, 11 U.S.C. § 107 codifies the presumption of public access to court records and the limited exceptions to it as follows:
(a) Except as provided in subsections (b) and (c) and subject to section 112, a paper filed in a case under this title and the dockets of a bankruptcy court are public records and open to examination by an entity at reasonable times without charge.
(b) On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
(1) protect an entity with respect to a trade secret or confidential research, development, or commercial information; or
(2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.
(c)(1) The bankruptcy court, for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
(A) Any means of identification (as defined in section 1028(d) of title 18) contained in a paper filed, or to be filed, in a case under this title.
(B) Other information contained in a paper described in subparagraph (A).
(2) Upon ex parte application demonstrating cause, the court shall provide access to information protected pursuant to paragraph (1) to an entity acting pursuant to the police or regulatory power of a domestic governmental unit.
*682 (3) The United States trustee, bankruptcy administrator, trustee, and any auditor serving under section 586(f) of title 28-
(A) shall have full access to all information contained in any paper filed or submitted in a case under this title; and
(B) shall not disclose information specifically protected by the court under this title.
11 U.S.C. § 107.
The public's general right to access bankruptcy filings codified in Section 107(a) is subject to very limited exceptions. In re Khan , 2013 Bankr. LEXIS 5303, at *7, 2013 WL 6645436, at *3 (9th Cir. BAP Dec. 17, 2013). First, Section 107(b) mandates that the court protect "confidential business information" and "scandalous or defamatory matter." 11 U.S.C. § 107(b). These exceptions are construed narrowly and Kettering Health has not asserted that the proofs of claim at issue in this case fall into one of these enumerated exceptions. Khan , 2013 Bankr. LEXIS 5303, at *7, 2013 WL 6645436, at *3.
The bankruptcy court for cause may also protect an individual with respect to the types of identifying information that would create undue risk of identity theft or other unlawful injury to the individual. 11 U.S.C. § 107(c). Unlike Section 107(b), Section 107(c) gives the bankruptcy court broad discretion to protect an individual facing these circumstances. Khan , 2013 Bankr. LEXIS 5303, at *10, 2013 WL 6645436, at *4.
Section 107 is further supplemented by Federal Rule of Bankruptcy Procedure ("Rule") 9037. Rule 9037 requires parties to redact certain identifying information but also provides the bankruptcy court with the inherent authority to seal, restrict access to, or redact documents if the circumstances warrant, giving a court discretion to decide how best to protect the information. Fed. R. Bankr. P. 9037 ; In re Anthracite Capital, Inc. , 492 B.R. at 180 ; Khan , 2013 Bankr. LEXIS 5303, at *12, 2013 WL 6645436, at *4.
Nonetheless, "[a] court's ability to limit the public's right to access remains an extraordinary measure that is warranted only under rare circumstances as 'public monitoring is an essential feature of democratic control.' " In re Anthracite Capital, Inc. , 492 B.R. at 171 (further citations omitted). Consequently, the policy favoring public access supports making public as much information as possible while still preserving confidentiality of protectable information. Id. at 180. Accordingly, "[r]edacting documents to remove only protectable information is preferable to wholesale sealing." Id. See also In re Motors Liquidation Co., 561 B.R. at 42. Because all papers filed with the court are presumptively available for inspection by the public, the party seeking to seal or redact filings bears the high burden of proof. In re Creighton , 490 B.R. 240, 244 (Bankr. N.D. Ohio 2013).
Turning to the parties' Joint Motion, this Court begins with the unusual breadth of the proposed procedures. Kettering Health proposes not only to restrict access to proofs of claim filed in bankruptcy cases that are the subject of this class action adversary proceeding and Settlement Agreement (totaling approximately 2,732 claims filed in 1,169 cases) but also to an additional 11,268 claims in approximately 2,831 cases that are not subject to the class action. Unlike the class action debtors who have or will receive notice, Kettering Health proposes no notice to these additional debtors of the possible disclosure of their sensitive information in its proofs of claim nor the procedures Kettering *683 Health intends to take to remedy the disclosure. Instead, as far as this Court can determine through the Joint Motion, Kettering Health's only proposed notice to these debtors that public records in their cases would be permanently restricted from access would be a docket entry entered by this Court after the restriction. Docket entries are not served on the debtors. This Court concludes that Kettering Health's proposed procedures do not meet the minimum standards of due process that must be afforded to the non-class action debtors. Consequently, inclusion of them within this adversary proceeding and the related miscellaneous proceeding is denied. Kettering Health must take action on its non-class action proofs of claim through a separate procedure.
With respect to those claims subject to the class action, Kettering Health argues that these proofs of claim may[1] contain sensitive medical or billing information about the debtors and this Court agrees that such information may be subject to protection pursuant to 11 U.S.C. § 107(c) and Rule 9037. Rule 9037(d) give this Court the discretion to determine the best way to protect the information and specifically provides both redaction and restriction of electronic access to documents as available measures. However, this Court must balance the need to restrict such sensitive information against the public policy favoring public access to judicial records codified in 11 U.S.C. § 107(a). This public policy promotes the integrity and transparency of bankruptcy court proceedings. Accordingly, and as noted in the case law previously cited, redacting documents to remove only protectable information is preferable to wholesale sealing. See In re Anthracite Capital, Inc. , 492 B.R. at 180 ; In re Motors Liquidation Co., 561 B.R. at 42.
With these considerations in mind, this Court notes that the procedures envisioned by Kettering Health amount to a wholesale restriction of access to court records that would normally be available to the public. Its only reason for such a broad restriction is the burden that would be imposed on Kettering Health should it be required to file a motion to redact in each case and replace each offending proof of claim with a redacted version. While this process may be more time consuming and costly than the procedures proposed in the Joint Motion, other creditors follow this procedure in this district on a regular basis. As an example, this Court would note that in a two week period running from March 13, 2018 to March 27, 2018, approximately 245 motions to redact were filed in this district and of those, approximately 240 relate to medical proofs of claim. These motions to redact follow the two-step process of filing a motion requesting that this Court restrict access to the currently filed proof of claim and then replace the offending document with a redacted version provided by the movant. Because this district's current procedure is in harmony with the public policy favoring public access and restricting public records only to the extent necessary to protect sensitive information, this Court is disinclined to deviate from this procedure based solely on Kettering Health's argument that the number of proofs of claim at issue makes remedying its errors more costly than for other creditors.
This Court further notes that approval of Kettering Health's proposed procedures would pave the way for other creditors to seek permanent restriction of proofs of *684 claim containing sensitive information rather than following through with the extra step of providing redacted replacements. As noted before, many creditors, medical and otherwise, file motions to redact in this district on a regular basis in both open and closed cases following this district's general procedure of replacing a document that contains sensitive information with a version that has been redacted. If this Court were to allow Kettering Health to side step this process, undoubtedly other creditors would follow suit leading to a less transparent court docket and claims registry.
Finally, this Court turns to the three cases cited by Kettering Health to support its procedures. In In re Penny , Case No. 12-80135 (Bankr. M.D.N.C. 2012), Kettering Health cites a court order that restricts public access to a medical provider's attachments to its proof of claim. However, the ex parte motion and the court's order [Docket Numbers 15 and 16] are devoid of any analysis of the public policy in favor of public access to be balanced against the need to protect sensitive information. It is this balancing analysis that leads this Court to determine that redaction, rather than wholesale restriction of access, is the better option.
The next case cited by Kettering Health is In re Matter of Citi Replacement Filings , Misc. Proc. No. 13-0302 (Bankr. S.D. Ohio 2013), which is a miscellaneous proceeding representing this district's part of a nationwide class action proceeding. In the Citi Replacement Filings matter, the creditor filed an omnibus motion to restrict access to claims filed in this district that allegedly contained sensitive information. As part of its procedures, however, the creditor proposed to replace the offending claims with redacted versions [Misc. Proc. No. 13-0302, Docket Number 3]. Consequently, the Citi Replacement Filings matter supports requiring Kettering Health to follow this Court's general procedure of replacing restricted proofs of claim with redacted versions.
Lastly, this court reviewed the docket of In re Branch , Misc. Pro. No. 15-00004-5 SWH (Bankr. E.D.N.C.), including an unpublished opinion at 2016 Bankr. LEXIS 3194, 2016 WL 4543770 (Bankr. E.D.N.C. Aug. 31, 2016). In the unpublished opinion, the matter before the court was whether or not to hold a creditor, WakeMed Physician Practices, in contempt and liable for sanctions for revealing medical information in over 4,000 proofs of claim. Although the unpublished opinion only tangentially describes the redaction process that WakeMed utilized, it does note that the medical provider paid over $100,000 in fees to file motions to restrict access in each case and that it intended to file redacted replacement claims in at least the open cases. In re Branch , 2016 Bankr. LEXIS 3194, at *7 and *24, 2016 WL 4543770, at *2 and *7. Again, In re Branch appears to support that redacted versions of claims should be filed when possible.
After carefully balancing the need to protect debtors' sensitive information against the public policy favoring open access to court records, this Court concludes that it will not approve a process by which Kettering Health is permitted to permanently restrict access to its proofs of claim filed in the bankruptcy cases in this district without providing redacted versions on the record.
III. CONCLUSION
For the reasons stated herein, the Joint Motion to Approve Procedures for the Miscellaneous Proceeding Required by the Settlement Agreement and Release [Docket Number 36] is DENIED . This Court will set forth its approved procedures for implementing the terms of the Settlement *685 Agreement for the protection of the class member's sensitive medical or billing information by separate order to be docketed in both this adversary proceeding and the contemplated miscellaneous proceeding.
SO ORDERED.

At the May 9, 2018 hearing, Kettering Health's counsel noted that all of the proofs of claim have not been reviewed so Kettering Health is unsure of how many actually contain sensitive medical or billing information.